UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-CV-60954-DPG

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                Plaintiff,

v.

ROBERT J. VITALE and
REALTY ACQUISITIONS & TRUST, INC.,

                Defendants.

and

CORAL SPRINGS INVESTMENT
GROUP, INC.,

                Relief Defendant.

**FINAL JUDGMENT OF PERMANENT INJUNCTION AND
OTHER RELIEF AS TO DEFENDANT ROBERT J. VITALE**

The Plaintiff United States Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Robert J. Vitale ("Defendant") having consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise be, and they hereby are, permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by using any means or instrumentality of transportation or communication in interstate commerce, or of the mails, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person, or (2) disseminating any false or misleading documents, materials, or other information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about (A) any investment in or offering of securities, (B) the experience, education or other qualifications of any person involved or purportedly involved in any respect in the operation or management of any such investment or offering, (C) the use of investor funds, (D) the risks of the investment, or (E) otherwise concerning any matters reasonably relating to a decision by an investor or prospective investor to invest, or to buy, sell or hold any such investment.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise be, and they hereby are, permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person, or (2) disseminating any false or misleading documents, materials, or other information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about (A) any investment in or offering of securities, (B) the experience, education or other qualifications of any person involved or purportedly involved in any respect in the operation or management of any such investment or offering, (C) the use of investor funds, (D) the risks of the investment, or (E) otherwise concerning any matters reasonably relating to a decision by an investor or prospective investor to invest, or to buy, sell or hold any such investment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise be, and they hereby are, permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by using the mails or any means or instrumentality of interstate commerce to effect transactions in, or induce or attempt to induce the purchase or sale of, any security, without being registered with the Commission as a broker.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(b)(6)(B) of the Exchange Act [15 U.S.C. § 78o(b)(6)(B)], by associating with any broker or dealer in contravention of the Commission Order previously entered against him, *In the Matter of Robert Vitale*, Re. No. 34-54393 (Aug. 31, 2006).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment as to Defendant by personal service or otherwise are permanently restrained and enjoined from directly or indirectly participating in, or facilitating, the solicitation of any investment in any security or the offering of any security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities listed on a national securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, and his agents, servants, employees, attorneys, and assigns: (i) shall disgorge all investor assets in his possession, custody, or control, consisting of certain real property currently titled in the name of co-Defendant Realty Acquisitions & Trust, Inc. and located at 2319 S. Federal Highway, Boynton Beach, FL 33435, and more particularly described as Robinson Addition, Lots 1-5, recorded in plat book 23, page 144 of the Public Records of Palm Beach County, Florida (hereinafter "the 2319 South Federal Property") with such disgorgement to take effect immediately upon the entry of this Final Judgment; (ii) are hereby restrained and enjoined from interfering in any way with the 2319 South Federal Property or with the efforts made by any Liquidation Agent to be appointed by this Court over the same; (iii) shall fully and promptly cooperate with all requests from said Liquidation Agent within the scope of its appointment; and (iv) shall not receive any proceeds or benefits, directly or indirectly, from the sale of the 2319 South Federal Property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $121,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $25,598, jointly and severally with Relief Defendant Coral Springs Investment Group, Inc., and is further liable for a civil penalty of $100,000, for a total obligation of $246,598.  Defendant or Relief Defendant shall satisfy this obligation by either (i) satisfying, or otherwise causing to be reduced to no more than $200,000, all liens or encumbrances on the 2319 South Federal Property (hereinafter "lien reduction"), by or before disgorging that property in accordance with Section VII above, or (ii) paying $246,598 to the Securities and Exchange Commission within (60) days following entry of

this Final Judgment. Such payment may be transmitted electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Payment may also be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Robert J. Vitale's as a defendant and Coral Springs Investment Group, Inc. as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Photocopies of evidence of said lien reduction or said payment, along with case identifying information, shall be simultaneously transmitted to the Commission's counsel in this action. Making this payment relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall, directly or indirectly, be returned to Defendant or Relief Defendant or to Defendant Realty Acquisitions & Trust Inc.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest, including through collection procedures authorized by law, at any time after 10 days following entry of this Final Judgment. Defendant shall pay, jointly and severally with Relief Defendant, post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The

Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval, but in no event shall any part of the Fund revert, directly or indirectly, to Defendant Vitale, Relief Defendant Coral Springs Investment Group, Inc., or to either's s heirs or assigns. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the annexed Consent of Robert J. Vitale be, and hereby is, incorporated herein with the same force and effect as if fully set forth herein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this action for all purposes, including the implementation and enforcement of this Final Judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of August, 2015.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge White
      All Counsel of Record